1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE MARTINO,

                    Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. C12-6024 BHS

ORDER DECLINING TO ADOPT
REPORT AND
RECOMMENDATION

8

9

10

11

12

13        This matter comes before the Court on the Report and Recommendation ("R&R")

14   of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 16),

15   Defendant's objections to the R&R (Dkt. 16), and Plaintiff's response to Defendant's

16   objections (Dkt. 20).

17        On October 29, 2013, Judge Strombom issued an R&R recommending that the

18   Court reverse the Administrative Law Judge's ("ALJ") conclusion that Plaintiff Christine

19   Martino ("Martino") was not disabled and remand for further proceedings. Dkt. 16. On

20   October 29, 2013, Defendant Carolyn W. Colvin, Acting Commissioner of Social

21   Security ("Commissioner"), filed objections to the R&R arguing that Judge Strombom

22   erred in her evaluation and conclusion of the ALJ's decision and maintaining it should be

1    upheld.  Dkt. 19.  On November 27, 2013, Martino responded arguing that Judge

2    Strombom's recommendation to reverse and remand the ALJ's decision is correct and

3    should therefore be adopted.  Dkt. 20.

4           The district judge must determine de novo any part of the magistrate judge's

5    disposition that has been properly objected to. The district judge may accept, reject, or

6    modify the recommended disposition; receive further evidence; or return the matter to the

7    magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

8           In Judge Strombom's decision, she summarizes Martino's arguments and indicates

9    that she agrees in part with them and recommends reversal and remand. Specifically, she

10   states:

11          Plaintiff argues the Commissioner's final decision should be
            reversed and remanded for further administrative proceedings because the
12          ALJ erred in failing: (1) to give sufficient reasons for rejecting the
            limitations in understanding, remembering and carrying out instructions
13          and in social functioning found by examining psychologist, Scott T.
            Alvord, Psy.D.; (2) to adequately explain his assessment of plaintiff's
14          residual functional capacity; (3) to make sufficient findings supporting his
            determination that she could perform her past relevant work. …[T]he
15          undersigned agrees the ALJ failed to give sufficient reasons for rejecting
            the limitations in social functioning Dr. Alvord found, and thus erred in
16          determining plaintiff to be not disabled. Also … the undersigned
            recommends that defendant's decision to deny benefits should be reversed,
17          and that this matter should be remanded for further administrative
            proceedings.
18
     Dkt. 16 at 2.  In analyzing part of Martino's argument, Judge Strombom explains:
19
            The ALJ in this case assessed plaintiff with a residual functional
20          capacity that included the mental limitations that she "should have no
            contact with the public" and only "occasional interaction with coworkers."
21          AR 22. Plaintiff argues, and the undersigned agrees, that in light of the
            ALJ's failure to provide sufficient reasons for rejecting the remaining
22          mental functional limitations Dr. Alvord found, the RFC he assessed cannot

ORDER - 2

1    be said to accurately describe all of her mental functional limitations and
therefore supported by substantial evidence. Also because of the ALJ's

2    errors, the undersigned further agrees with plaintiff that the ALJ's
determination at step four of the sequential disability evaluation process

3    that she is capable of returning to her past relevant work (see AR 25)
cannot be upheld at this time as being supported by the substantial evidence

4    in the record. Lastly, while plaintiff did not specifically challenge the ALJ's
alternative finding at step five that she is capable of performing other jobs

5    existing in significant numbers in the national economy (see AR 25),
clearly that finding also cannot stand given the ALJ's errors in evaluating

6    the medical evidence in the record and in assessing plaintiff's RFC.

7  Dkt. 18 at 8.

8       The Court disagrees with Judge Strombom's assessment of the ALJ's decision and

9  finds that he provided sufficient reasons for rejecting the mental functional limitations

10  that he did.  The ALJ discussed and considered Dr. Alvord's opinion and then explained

11  the reasons for rejecting some of the doctor's assessment of Martino's mental function

12  limitations:

13       The claimant underwent a psychological evaluation with Scott
Alvord, Psy.D., in June 2011.  She denied any drug or alcohol use.  On

14    mental status examination, she exhibited anxiety throughout the evaluation.
Mood was depressed and affect was downtrodden. Rey 15-Item Visual

15    Memory Test and Test of Memory Malingering scores were within normal
limits.  MMPI-2 suggested slightly over-exaggerated reports of

16    psychological distress.  Full Scale IQ score was in the average range.
Memory abilities were intact on the WMS-III.  She was diagnosed with

17    bipolar affective disorder and posttraumatic stress disorder and assessed a
GAF of 45.  Dr. Alvord opined her adaptive functioning was moderately to

18    severely impaired.  She would have significant difficulty functioning in an
occupational setting.  He opined she was moderately limited in the

19    ability to understand, remember and carry out simple instructions.  She was
markedly limited in the ability to make judgments on simple and complex

20    work-related decisions and in the ability to understand, remember and carry
out complex instructions.  She was markedly limited in the ability to

21    interact with the public, supervisors and coworkers and in the ability to
respond appropriately to usual work situations and changes in a routine

22    work setting. (Exhibit 14F).  The opinion of Dr. Alvord is given little

weight.  While the claimant has mental limitations, her presentation on mental status examination and psychological testing does not suggest difficulties with understanding, remembering or carrying out tasks.  She has some social limitations but her daily activities support a finding that she is capable of work with no public contact and occasional contact with coworkers. The claimant states she has experienced difficulties with social functioning her whole life (Exhibit 15F-7) but she has worked in the past despite these difficulties.  She has repeatedly expressed willingness to return to work, suggesting her anxiety is not incapacitating (Exhibit 1F-3, 5-6, 8, 45).

TR. at 24-25.

Prior to coming to this determination, the ALJ properly analyzed Martino's credibility, finding that her statements "concerning the intensity, persistence and limiting effects of these symptoms are not fully credible" based on the record. TR at 23. Moreover, the ALJ considered the evidence in the record regarding her work history, daily living activities and social interactions over a span of time. *See* TR. at 23-24. Contrary to Judge Strombom's conclusion, the Court finds that the ALJ's determination of non-disability is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"); *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (substantial evidence is more than a scintilla, but less than a preponderance).  Thus, as the Commissioner argues, "[t]he Court must uphold the Commissioner's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision."  Dkt. 19 at 6 (*citing Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The ALJ's decision is rational and must be upheld.

1    Similarly, contrary to Judge Strombom's decision, the ALJ's finding that Ms.

2    Martino was willing to return to fulltime work is a reasonable inference for the ALJ to

3    make based on the record, including, but not limited to, Martino's statements relating to

4    her desire to return to work and her willingness to return to work despite her difficulties

5    (Tr. 25, *citing* Tr. 271, 273-74, 276, 313). Although Martino's statements could be

6    interpreted as an expression of willingness to work but not on a fulltime basis, the ALJ's

7    interpretation in light of his assessment of the medical evidence, Martino's credibility and

8    work history in context of the record as a whole supports that the ALJ's inference of

9    Martino's willingness to work fulltime is reasonable.   As noted above, that interpretation

10   is entitled to deference. *Burch*, 400 F.3d at 679.

11    Given the reasoning and conclusions above, and as the Commissioner argues (Dkt.

12   19 at 8-9), in contrast to Judge Strombom's determination, the Court finds that the ALJ's

13   assessment of Martino's residual functional capacity and ability to work at other jobs in

14   the national economy are supported by substantial evidence.

15    Having considered the R&R, Defendant's objections, Plaintiff's response and the

16   remaining record, the Court hereby:

17   (1)   **DECLINES TO ADOPT** the R&R; and

18   (2)   **DISMISSES** this action.

19   Dated this 18th day of February, 2014.

20

21   _____
     BENJAMIN H. SETTLE
22   United States District Judge